# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**AJMEL A. QUERESHI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

August 6, 2026

LETTER TO COUNSEL

Re: *Monica F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 1:25-cv-02012-AAQ

Dear Counsel:

On June 24, 2025, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. ECF No. 1. I have considered the parties' briefs, ECF Nos. 11, 13, 15, and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, for the reasons provided below, the Court shall remand this case for further proceedings.

## I.    The History of this Case

### a.  Procedural History

Plaintiff filed her claim for Title II disability benefits ("DIB") and Title XVI supplemental security income ("SSI") on July 30, 2021, and December 21, 2023, respectively alleging in both applications a disability onset date of February 8, 2020. ECF No. 8-3, at 32. Plaintiff's claim was denied initially and on reconsideration. *Id*. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held telephonically on March 26, 2024. ECF No. 8-3, at 32, 50. After that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. ECF No. 8-3, at 43-44. Plaintiff requested review of the ALJ's decision, and on May 23, 2025, the Appeals Council affirmed the ALJ's decision. ECF No. 8-3, at 2. Thus, the ALJ's decision reflects the final, reviewable decision of the SSA. *See* 20 C.F.R. §§ 416.1484(d), 422.210(a); *see also Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *Melton v. Colvin*, No. WGC-11-1702, 2013 WL 1833011, at *3 (D. Md. Apr. 30, 2013).

### b.  The ALJ's Decision

The ALJ determined that since the alleged onset date of disability, February 8, 2020, Plaintiff suffered from the severe impairments of "obesity, degenerative disc disease of the lumbar spine, status post spinal surgery, neural foraminal stenosis of the lumbar spine, bilateral knee osteoarthritis, and bilateral hip osteoarthritis." ECF No. 8-3, at 35. Despite these impairments,

*Monica F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 1:25-cv-02012-AAQ
August 6, 2026
Page 2

the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could stand or walk 4 hours of an 8-hour workday, occasionally climb ramps or stairs, stoop, balance, kneel, crouch, or crawl.  The claimant can never climb ladders, ropes, or scaffolds, and can occasionally push or pull with the bilateral lower extremities, must avoid concentrated exposure to extreme cold, vibration, and hazards such as dangerous moving machinery and unprotected heights.

ECF No. 8-3, at 37.

Based on her RFC assessment, the ALJ determined that Plaintiff was capable of performing past relevant work as a "Switchboard Operator (DOT# 235.662-022, sedentary, exertion, SVP 3)." ECF No. 8-3, at 43.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).  *Id.* Therefore, the ALJ concluded that Plaintiff was not disabled.  ECF No. 8-3, at 44.

In reaching this conclusion, the ALJ considered the extent to which the medical records supported Plaintiff's symptoms of obesity, low back pain, knee pain, and hip pain, and the extent to which her symptoms impacted her ability to work and perform other relevant activities.  ECF No. 8-3, at 35-39.  Specifically, the ALJ observed that Plaintiff "reports that she could only sit for 15-20 minutes before the pressure in the hip is problematic" and that a "MRI of the left hip shows moderate to severe left hip osteoarthritis with subchondral insufficiency fracture at the anterior superior femoral head."  ECF No. 8-3, at 39.  During the hearing, Plaintiff testified that she could sit in a normal desk or office chair for "15-20 minutes" before the pressure in her hip required her to lay down.  ECF No. 8-3, at 63-64.  During a consultative examination, Dr. Anuradha Reddy noted, "[o]n the day of the exam[,] patient had problems . . . sitting, lifting" and was "[u]nable to push or pull things."  ECF No. 8-7, at 152.  In addition, Plaintiff testified that she would likely need a hip replacement by August 2024.  ECF No. 8-3, at 64.  Nonetheless, the ALJ concluded that because Plaintiff could perform light work with some limitations, Plaintiff was not disabled. ECF No. 8-3, at 37.  Accordingly, the ALJ denied Plaintiff's claim for DIB.  ECF No. 8-3, at 44.

## II.     Analysis

Plaintiff raises two arguments on appeal, specifically that the ALJ: (1) failed to perform a function-by-function assessment of Plaintiff's ability to perform work related activities when determining her RFC; and (2) failed to apply the correct legal standards at step four of the sequential evaluation.  ECF No. 11, at 7, 14.

The ALJ must determine the RFC of the claimant, which incorporates a function-by-function assessment of their ability to do work-related activities.  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).  As outlined in *Dowling v. Comm'r of Soc. Sec. Admin.*, a function-by-function assessment requires ALJs to evaluate "the claimant's ability to perform the physical functions listed in [the regulations]," including "sitting, standing, walking, lifting,

*Monica F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 1:25-cv-02012-AAQ
August 6, 2026
Page 3

carrying, pushing, pulling, or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." 986 F.3d 377, 387 (4th Cir. 2021). A "proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). The RFC analysis should describe "how the evidence supports each conclusion reached by the ALJ by citing to evidence and articulating all inferences drawn therefrom." *Nancy G. v. Kijakazi*, No. GLS 20-3440, 2022 WL 363824, at *3 (D. Md. Feb. 4, 2022) (citing *Thomas*, 916 F.3d at 312-13); *see also Dowling*, 986 F.3d at 387 ("every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it") (quoting *Thomas*, 916 F.3d at 311)). Failure to do so may warrant remand. *See Britt v. Saul*, 860 F. Appx. 256, 262 (4th Cir. 2021).

This function-by-function assessment is not the same as an assessment of the intensity and persistence of Plaintiff's symptoms, the latter of which is outlined in SSRs 96-7p and 16-3p. SSR 96-7p, 1996 WL 374186 (July 2, 1996); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). As noted in *Dowling*, plaintiff's symptoms are relevant to the RFC evaluation, but a RFC assessment is "a separate and distinct inquiry from a symptom evaluation . . ." 986 F.3d at 387. Treating the two as the same leads to error, as is the case here. *Id.*

The ALJ failed to properly perform a function-by-function analysis. The ALJ concluded that Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with some additional limitations. ECF No. 8-3, at 37. Having found that Plaintiff had severe impairments, the ALJ "needed to articulate how [this] impairment[] translated into the RFC limitation . . ." *Nancy G.*, 2022 WL 363824, at *4. Instead of performing a function-by-function assessment, the ALJ proceeded by evaluating Plaintiff's symptoms and allowed that evaluation to guide her determination. For example, the ALJ considered Plaintiff's obesity, low back pain, knee pain, and hip pain, and determined that the residual functional capacity accommodates Plaintiff's severe impairments. *See, e.g.*, ECF No. 8-3, at 35-39, 40 ("While the claimant has severe impairments, the residual functional capacity above accommodates the claimant's severe impairments by limiting her to the reduced light capacity with additional limitations in standing and wal[k]ing, additional postural, and environmental restrictions for her comfort and to protect against any exacerbations of her symptomatology."). As a result, the decision does not contain the necessary analysis – evidence, logical explanation, and conclusion – of Plaintiff's ability to sit, push, or pull. *Id.* Without any analysis of Plaintiff's ability to perform these functions, the Court cannot accurately assess the ALJ's conclusion that Plaintiff has the RFC to perform light work.

This Court has repeatedly held that an ALJ must conduct a function-by-function assessment of a plaintiff's ability to perform work related activities when determining a RFC, and that failure to do so may constitute grounds for remand. *See Henderson v. Kijakazi*, No. AAQ-20-3346, 2022 WL 1555408 (D. Md. May 17, 2022) (remanding where the ALJ cited to the regulation outlining functions, but did not perform a function-by-function analysis); *Nicole C. v. Kijakazi*, No. 1:22-cv-02123-JMC, 2023 WL 4027481 (D. Md. June 15, 2023) (remanding because the ALJ failed to properly perform a function-by-function analysis to guide the RFC determination); *Jennifer W. v. Kijakazi*, No. 1:22-cv-01177, 2023 WL 2245635 (D. Md. Feb. 27, 2023) (remanding where the ALJ evaluated plaintiff's symptoms but failed to conduct a function-by-function

3

*Monica F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 1:25-cv-02012-AAQ
August 6, 2026
Page 4

analysis); *Kenneth L. v. Bisignano*, No. 24-2627-DRM, 2025 WL 2781547 (D. Md. Sept. 29, 2025) (remanding where ALJ failed to perform a function-by-function analysis and the Court is unable to discern the ALJ's rationale in limiting the Plaintiff to light work).

The Commissioner argues unpersuasively that although the ALJ did not perform a function-by-function analysis, the ALJ's RFC assessment meets the reasonable articulation standard. *See* ECF No. 13, at 8 ("[s]o long as the agency's reasoning is 'reasonably discernible,' . . . such that a court is not 'left to guess' about the basis for the ALJ's conclusions . . . the duty of explanation is satisfied") (citing *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021); *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015)). The Commissioner is correct that an administrative decision's reasoning need only be "reasonably discernible," *Garland*, 593 U.S. at 369, and that there is no per se rule requiring remand where the ALJ does not discuss functions that are irrelevant or uncontested, *Delonte C. v. Kijakazi*, No. TMD 20-2436, 2021 WL 4391089, at *4 (D. Md. Sept. 24, 2021). Nonetheless, "[m]eaningful review is frustrated" and remand is necessary "where [the court is] unable to fathom the [ALJ's] rationale in relation to evidence in the record." *Britt*, 860 Fed. Appx. at 262 (internal quotation marks and citation omitted). Here, the ALJ failed to build a logical bridge from evidence to conclusion as she did not make the proper findings about Plaintiff's ability to sit, push, or pull, despite contradictory evidence in the record. *See* ECF No. 8-3, at 64 (Plaintiff testified that "If I, sitting up like you – it seems like it puts pressure down on the hip. So when I would lean back it would ease up the pain. Then when you, you know, as soon as I lay down and get an ice pack on, you know, it does give a little bit of relief."); ECF No. 8-7, at 152 (During a consultative examination, Dr. Anuradha Reddy noted "[o]n the day of exam patient had problem . . . sitting, lifting" and was "[u]nable to push or pull things".). The ALJ even notes that Plaintiff "reports that she could only sit for 15-20 minutes before the pressure in the hip is problematic," but fails to explain how Plaintiff could perform sedentary work requiring sitting. ECF No. 8-3, at 39, 42. The ALJ instead, without explanation, credits Dr. Lowen's opinion that Plaintiff can sit for 6 hours of an 8-hour workday. ECF No. 8-3, at 41. Yet, Dr. Lowen discusses Plaintiff's sitting problems minimally, mentioning them only when "rattling off a laundry list of her many impairments and functional restrictions." *Dowling*, 986 F.3d at 388. The Commissioner does not provide an explanation for the missing physical exertion function-by-function analysis. Without a proper narrative discussion, "it is impossible for the Court to determine whether the decision was based on substantial evidence." *Stacy C. v. Kijakazi*, No. CBD-20-2833, 2022 WL 814292, at *3 (D. Md. Mar. 17, 2022).

In support of its position, the Commissioner relies on this Court's decision in *James T. v. Kijakazi*. ECF No. 13, at 9 (citing No. AAQ-22-00574, 2023 WL 1997471 (D. Md. Feb. 13, 2023)). As the Commissioner correctly notes, in *James T.*, this Court affirmed the ALJ's decision where it did not include a function-by-function analysis but contained "sufficient discussion for this Court to glean the ALJ's reasoning" regarding an individual's limitations. 2023 WL 1997471, at *4. That decision is distinguishable on multiple grounds. First, in *James T.*, the plaintiff conceded to the ALJ that his mental impairments formed the sole basis of his claim. *Id.* ALJs must evaluate mental impairments under a distinct set of regulations from those governing physical impairments, requiring a different analysis. *See Patterson v. Cmm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (When a plaintiff possesses a mental impairment, an ALJ must make "'a

*Monica F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 1:25-cv-02012-AAQ
August 6, 2026
Page 5

specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3).").  Second, unlike the present case, the ALJ discussed several pieces of information relevant to the claimant's ability to perform particular functions.  In reaching a decision, the ALJ relied on plaintiff's own testimony, medical opinions concluding that plaintiff could perform "simple routine work," a state ALJ opinion that plaintiff could "perform simple, routine tasks," and plaintiff's daily activities including "simple household chores and personal tasks," to determine his psychological limitations, *James T.*, 2023 WL 1997471, at *4, sufficiently building "an accurate and logical bridge from the evidence to [a] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).  Here, unlike the ALJ in *James T.*, the ALJ disregarded Dr. Anuradha Reddy's assessment of Plaintiff's physical limitations in favor of Dr. Lowen's opinion that Plaintiff could sit for 6 hours of an 8-hour workday without explaining why the latter opinion was persuasive.  ECF No. 8-3, at 41-42; *see Mascio*, 780 F.3d at 636 (holding remand is appropriate where the ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record").  Additionally, the ALJ's decision fails to explain how Plaintiff could perform sedentary work requiring sitting, and it contains no finding as to how much she can push, or pull, thus rendering the ALJ's discussion insufficient for this Court to deduce the ALJ's reasoning regarding Plaintiff's physical limitations.  *See Cleo G. v. Cmm'r of Soc. Sec.*, No. EA-24-2834, 2025 WL 2771919 (D. Md. Sept. 29, 2025) (remanding where the ALJ assessed plaintiff's symptoms, medical opinions, and prior administrative medical findings but failed to analyze plaintiff's exertional capacity).

Because the ALJ did not perform a function-by-function assessment, the Court cannot find that the RFC determination is supported by substantial evidence.  For that reason, the Court remands this case for additional consideration by the Commissioner.

As this case is being remanded on other grounds, I do not need to address Plaintiff's argument regarding the ALJ's failure to apply the correct legal standards at step four of the sequential evaluation.  On remand, the ALJ can consider these arguments and make any required adjustments to the opinion.

### III.    Conclusion

For the reasons set forth herein, and pursuant to sentence four of 42 U.S.C. § 405(g), this case is REMANDED for further proceedings in accordance with this Opinion.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

An implementing Order shall follow.

*Monica F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 1:25-cv-02012-AAQ
August 6, 2026
Page 6

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge